IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | Case No.: 23-cr-00401-PX |
| SEAN PAUL HURD | * | |

\* \* \* \* \*

**DEFENDANT'S MOTION TO DISMISS**
**FOR VIOLATION OF INTERSTATE AGREEMENT ON DETAINERS**

Defendant, Sean Paul Hurd, by and through his attorneys, hereby moves to dismiss the indictment pursuant to the Interstate Agreement on Detainers Act (IAD), 18 U.S.C. app. 2 § 2. Mr. Hurd was impermissibly transferred back to his original place of confinement after his initial appearance in the instant case, in violation of the IAD's "anti-shuttling" provision, 18 U.S.C. app. 2 § 2, Article IV(e). As reasons, counsel states the following:

PROCEDURAL HISTORY

The alleged incident in this case occurred on February 28, 2023. Mr. Hurd was arrested the same day, and was held for three days before being granted release in a Home Detention Monitoring Agreement by the Maryland District Court for Prince George's County ("the state case"). While the Prince George's County case was pending, Mr. Hurd was arrested on a parole retake warrant from the District of Columbia, Superior Court case number 2015 CF1 015434 ("the parole retake case").

In June of 2023, Mr. Hurd was found in violation of his parole and sentenced to eighteen months of incarceration. The underlying conduct for the parole violation is the same conduct that

is at issue in the state case and in the instant case.[1]

The indictment in the instant case was filed on November 9, 2023. ECF 1. At that time, Mr. Hurd was serving his parole retake sentence at FCI Gilmer, in Glenville, West Virginia. The Government procured Mr. Hurd's appearance via writ *ad prosequendum*. ECF 5. An initial appearance was then held on March 4, 2024. ECF 6.

At the initial appearance, Mr. Hurd consented to detention without prejudice. Mr. Hurd was subsequently transported back to FCI Gilmer to continue serving his parole retake sentence. In June of 2024, Mr. Hurd was transferred to a halfway house in Baltimore, Maryland, to serve the remainder of his parole retake sentence. In October of 2024, Mr. Hurd completed his parole retake sentence and was transferred into federal custody. Since that time, he has been held at the Chesapeake Detention Facility in Baltimore.

## ARGUMENT

The Interstate Agreement on Detainers (IAD) governs the disposition of charges pending against defendants serving sentences in other jurisdictions. 18 U.S.C. app. 2 § 2; D.C. Code Ann. § 24-801. The IAD's anti-shuttling section provides that:

> If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.[2]

18 U.S.C. app. 2 § 2, Article IV(e).

---

[1] The state case was later placed on the *stet* docket on June 29, 2023. Case number C-16-CR-23-000963.
[2] Where, as here, the United States is the "Receiving State," under 18 U.S.C. app. 2 § 2, Article II(c), a subsequent amendment to the IAD allows the Court to determine if dismissal is to be with or without prejudice. 18 U.S.C. app. 2 § 9.

The language of Article IV(e) is "absolute," and requires dismissal upon a finding of violation. *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) (declining to create a *de minimus* exception to the anti-shuttling provision, and declining to engage in a harmless error analysis). As part of the IAD, the anti-shuttling provision "aims to remove uncertainties surrounding out-of-jurisdiction charges against a prisoner, and to prevent interruptions to programs of treatment and rehabilitation." *United States v. Peterson*, 945 F.3d 144, 150 (4th Cir. 2019).

In this case, the IAD was triggered when the Government procured Mr. Hurd's transfer of custody through a writ *ad prosequendum*. Mr. Hurd was then transferred back to the "original place of imprisonment" to continue serving his parole retake sentence, in violation of 18 U.S.C. app. 2 § 2, Article IV(e). Dismissal of the indictment is therefore required under the plain terms of the IAD's anti-shuttling provision.

Respectfully submitted,

James Wyda
Federal Public Defender
  for the District of Maryland

____/s/_____
Sean McKee, MD #0912160236
Assistant Federal Public Defender
Federal Public Defender's Office
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770-1405
Phone: (301) 344-0600
Fax: (301) 344-0019
Email: sean_mckee@fd.org